**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NATIONAL LABOR RELATIONS BOARD,** | : | |
| **Applicant,** | : | |
| v. | : | Misc. No. |
| **GIBBS CONTRACTING, INC.,** | : | |
| **Respondent.** | : | |

**APPLICATION OF THE NATIONAL LABOR RELATIONS BOARD FOR
SUMMARY ORDER REQUIRING OBEDIENCE WITH INVESTIGATIVE SUBPOENA**

The National Labor Relations Board ("the Board"), an administrative agency of the United States Government, respectfully applies to this Court, pursuant to Section 11(2) of the National Labor Relations Act, as amended (29 U.S.C. §§ 151 et seq.) ("the Act"), for an order requiring obedience with an investigative subpoena issued to Gibbs Contracting, Inc. ("Respondent" or "Gibbs Contracting"), and duly served on Respondent in the manner provided by law. In support of this application, upon information and belief,[1] the Board shows as follows:

1.  The Court has jurisdiction over the subject matter of the proceeding and over the Respondent pursuant to Section 11(2) of the Act. (29 U.S.C. § 161(2)).[2] The

---

[1] This application is supported by the Declaration of Board Attorney Eric Weitz.

[2] Section 11(2) of the Act states, in pertinent part:

> In case of contumacy or refusal to obey a subpoena issued to any person, any district court of the United States . . . within the jurisdiction of which the inquiry is carried on or within the jurisdiction of which said person guilty of contumacy or refusal to obey is found or resides or transacts business, upon application by the Board shall have jurisdiction to issue to such person an order requiring such person to appear before the Board, its member, agent, or agency, there to produce evidence if so ordered . . . . (29 U.S.C. § 161(2).)

investigatory subpoena concerns an inquiry within this judicial district, and Respondent is a corporation doing business under the laws of the District of Columbia, with an office at 1818 New York Ave. NE, Ste. 215, Washington, D.C. 20002.

  2. This application arises as a result of the Board's investigation of Respondent's alleged non-compliance with a September 10, 2015 Judgment issued by the United States Court of Appeals for the D.C. Circuit in Case No. 15-1060 ("Judgment"), granting summary enforcement of an Order issued by the Board finding that Respondent violated the Act, and requiring that Respondent take affirmative remedial actions, including bargaining with its employees' chosen bargaining representative and rescinding certain unlawful unilateral changes to its employees' terms and conditions of employment. [Copies of the Court's Judgment and the Board Order it enforced are attached hereto as Exhibit A].

  3. As part of an investigation into whether Respondent has complied with the Judgment, on May 11, 2016, the Board's Contempt, Compliance and Special Litigation Branch ("CCSLB") issued a subpoena duces tecum (Subpoena #B-1-RNSZXF) [Exhibit B hereto], pursuant to Section 11 of the Act (29 U.S.C. § 161), requiring Respondent to produce certain documents related to the Board's investigation.  The Board's Subpoena was accompanied by a cover letter explaining that it was issued in furtherance of the Board's investigation into whether Respondent has complied with the Judgment enforcing the Board's Order.  The Board's Subpoena required the responsive documents to be produced and received by CCSLB by the close of business on Wednesday, May 25, 2016.  [Declaration of Eric Weitz, ¶ 3].

4.     On Tuesday, May 24, 2016, CCSLB received an email from Chermaine Josey, President of Gibbs Contracting, stating that Respondent was in receipt of the Board's Subpoena and requesting an extension of time for Respondent's production of the responsive documents.  Respondent did not provide a justification for its inability to comply with the Board's Subpoena by the required date.  CCSLB sent a response to Respondent's email and granted an informal extension of one week, requiring the responsive documents to be produced by the close of business on Wednesday, June 1, 2016.  Since May 24, CCSLB has not received any responsive documents or any subsequent communications from Respondent.  [Weitz Decl., ¶ 4].

5.     Section 11(2) of the Act specifically authorizes the Board to make an "application" to the district court for a summary disposition enforcing the Board's subpoena.  (29 U.S.C. § 161(2)).  The Board's application is a dispositive manner, not a pre-trial civil discovery matter in district court:  "It is significant that the statute calls for an 'application' rather than a petition, for an 'order' rather than for a judgment, and that it details no other procedural steps."  *Goodyear Tire & Rubber Co. v. NLRB*, 122 F.2d 450, 451 (6th Cir. 1941).

6.     Respondent's failure and refusal to produce responsive documents in compliance with the subpoena, such documents being relevant and material to the issues in the investigation before the Board, has impeded and continues to impede the Board in the investigation of the matters before it, and has prevented and is preventing the Board from carrying out its duties and functions under the Act.

WHEREFORE, the Applicant, National Labor Relations Board, respectfully prays that this Court enter an order forthwith:

(a)  Directing Respondent, Gibbs Contracting, Inc., to produce to the Board any and all documents responsive to Subpoena #B-1-RNSZXF;

(b)  Requiring Respondent, Gibbs Contracting, Inc., to reimburse the Board for the costs and attorneys' fees (calculated at the prevailing market rate in the District of Columbia) incurred in initiating and prosecuting this subpoena enforcement action;

(c)  Providing that the Applicant, National Labor Relations Board, have such other and further relief as may be necessary and appropriate.

SIGNED at Washington, District of Columbia, this 20th day of June, 2016,

**NATIONAL LABOR RELATIONS BOARD**

\_\_\_/s/ Helene Lerner_____
ERIC WEITZ, Attorney
(202) 273-3757
Eric.Weitz@nlrb.gov

HELENE LERNER, Supervisory Trial Attorney
(202) 273-3738
Helene.Lerner@nlrb.gov

Contempt, Compliance & Special Litigation Branch
NATIONAL LABOR RELATIONS BOARD
1015 Half Street SE, 4th Floor
Washington, D.C.  20003
Tel:  (202) 273-3740
Fax:  (202) 273-4244